The Chancellor.
Three joint accounts have been stated by the executors and presented to the orphans’ court and allowed; the first in-January, 1839 p the second in April, 1841; and the third in April, 1842. In each the balance found in the hands .of- the executors is stated thus: !! Balance in hands of accountants,- to be disposed of agreeably to will of testator.”
The balance found in- their hands by the last account was #13,932 06-|.
Robbins was, in February, 1843, decreed to be bankrupt: The answer would seem to say that #1237 69 of the balance of the said joint account of the executors was in the hands of Robbins. Fisher paid in full four of the five residuary legatees,each entitled to a fifth of the balance of the said joint account,- and more than half of the remaining fifth.
If #1237.69,- or any other portion of the balance of the joint-account of the executors was in the hands of Robbins, can Fisher,- after paying, four shares in full, relieve himself from-the payment of the other share by paying half of it and showing that he has no' more of the balance of-the joint accounts in his hands, and that the other executor had received the resF due of that balance?
This is °a question which should -be well considered before-deciding it in the affirmative. It strikes me it would be a dangerous doctrine. But I am not satisfied that any part of the balance found by the joint account in the hands of the executors can, under the pleadings and proofs in the case, be consid *497 ered to be in the hands of Robbins and not in the hands of Fisher. A note of Robbins to the testator, of about $1500, was included in the inventory. In the second account of the executors they charge themselves, “ April 8th, 1839, cash received of George Robbins, on account of his note, §600;” and “ April 6th, 1840, cash received of George Robbins, in full of his note, 0984 50.” I also find that certain debts due the estate, and which are included in the inventory, amounting in all, at their appraised value, to $1471 46, arc not included in the balance struck in the joint account,, and that no allowance is prayed for them as bad or doubtful debts. Whether Robbins bad received them, and Fisher was therefore unwilling to have' them charged in the joint account, does not appear. The charging themselves in a joint account with cash received of Robbins in full of his note due the estate, no explanation of the charge being made in the case, makes both of the executors chargeable to the legatees for that amount, and' so far as it constitutes a part of the balance struck in the joint account Fisher is liable for it.
In view of this, and of the fact that 01471 46' of the assets of the estate is not included in the balance struck against the executors, and may, for aught that appears, be in the hands of Robbins, both the answers may be true in the sense in which they have been1 sworn'to, and yet the whole of the balance of the accounts, as stated and allowed, be in the hands of Fisher; charging him with the debt acknowledged in the joint account to have been received from Robbins.
Fisher, in his answer, says, that on the 8th of April, 1839, he paid to the complainant 0412, in part payment of his share of the residue of the personal estate, and took his receipt therefor. Two hundred dollars of this 0412 consisted of a note which Fisher procured to be given by Robbins to complainant, and which was never paid; and Fisher at that time had, or must be considered to have had in- hand, (he being liable, as before observed, for, or having actually received the amount of Robbins’s note due the estate,) the 0200 for which, instead of paying it in money to the complainant, he got Robbins to give his note to the complainant. This note was no payment by cither of the defendants to the complainant; and the receipt takess. *498 by Fisher'from the complainant for $412 is, therefore, good-only for $212.
That no refunding bond was tendered before filing the bib-is no defence in this court. The court- can provide, in the decree, for the giving of a refunding bond.
I am of opinion that'both the executors are liable to the complainant for the balance remaining unpaid to him of his shareof the residue of the personal estate of the testator, according to the amount of the said residue as- ascertained by- the said-joint account of the executors;
Decree accordingly.